UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | |
|---|---|
| BRECKENRIDGE GROUP,<br>d/b/a OVERSIGHT CONTROLS AND<br>LOGISTICS<br>15110 Steinbeck Lane<br>Colorado Springs, CO 80921<br>        Plaintiff,<br><br>v.<br><br>TAYL INVESTOR GROUP LIMITED<br>P.O. Box 5222<br>Amman 11183<br>Jordon,<br>        Defendant.<br>Serve:<br>Robert A. Lee<br>President/CEO<br>Tayl Investor Group Limited<br>3510 Hawthorne Avenue<br>Richmond, VA 23222 | Civil Action No. 3:10CV729(HEH) |

## COMPLAINT

### BREACH OF CONTRACT
### AND UNJUST ENRICHMENT

This action is brought by Breckenridge Group, d/b/a Oversight Controls and Logistics (OCL), to collect amounts owed by Tayl Investor Group Limited (TAYL) for services and support arising from defendant's breach of contract and for unjust enrichment.

1

## JURISDICTION AND VENUE

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2), and the amount in controversy, without interest and costs, exceeds the sum or value of $75,000 specified by 28 U.S.C. § 1332(a).

2. Plaintiff, OCL is a corporation incorporated under the laws of the State of Colorado, with its principal place of business in Colorado.

3. Defendant, TAYL is a corporation incorporated under the laws of the British Virgin Islands, with a principal place of business in Amman, Jordon.

4. OCL and TAYL entered into a contract that subjects TAYL to the laws of the Commonwealth of Virginia regarding the enforcement of that contract.

5. Venue in this Court is based on the place of contracting and the contract's preferred forum pursuant to 28 U.S.C. §§ 1391(a)(2), (c), & (d).

## FACTUAL ALLEGATIONS

6. OCL entered into a subcontract with TAYL within the Commonwealth of Virginia to provide, among other services: threat assessments; security planning; security design recommendations; security management; safety; and, protection of all personnel for TAYL, which was the prime contractor for the construction of the Marriott Hotel Kabul in Afghanistan (the "Services"). The Contract is attached as Exhibit A and incorporated herein.

7. The Services were to be provided in coordination with the U.S. Embassy in Kabul, Afghanistan and other entities, including the United States and foreign governments.

8. In addition, OCL was to provide life support, security and logistics services to TAYL and its employees, and the architects, contractors and other individuals and entities involved in the

construction of the Marriott Hotel Kabul. These are included in the scope of the Services as set forth in paragraph 6 above.

9. The Contract provided that "TAYL agrees to pay to OCL a net fee of $25,000/month for retainer services commencing November 1st, 2007." Contract ¶ 2.1.

10. The Contract also provides that "This fee is payable monthly, for as long as the contract is not terminated or amended." Contract ¶ 2.2.

11. The Contract is for "an indefinite term." Contract ¶ 3.0.

12. The Contract has not been terminated by either party.

13. The Contract provides that it "shall be governed by the laws of the Commonwealth of Virginia." Contract ¶ 9.0.

14. The Contract was signed by the parties' authorized representatives on November 1, 2007, by Donald Richardson and Kent R. Bolin, President and Vice President and Chief Operating Officer, respectively, for OCL and by Robert A. Lee, President/CEO for TAYL.

15. Upon information and belief, the Contract was drafted by Robert A. Lee, a former Brigadier General, USA, and a member of the Virginia State Bar.

16. Paragraph 9.0 of the Contract also provides that:

> Litigation occurred [sic] during the carrying on of the present contract will be solved by amiable way [sic] and in case they [sic] continue will be submitted in order to be solved to the Court of Arbitration belonging to the Chamber of Commerce and Industry of the USA. The Court of Arbitration will solve the litigation according to its procedure [sic] rules and settlements based on the stipulations of the present contract and the American Material Law. Litigation will be solved in Richmond, State [sic] of Virginia, USA.

17. On information and belief, there is no entity known as the "Court of Arbitration belonging to the Chamber of Commerce and Industry of the USA."

18. OCL has been paid by TAYL a total of $50,000 for November and December 2007.

19. OCL has incurred $136,352.45 in expenses in providing the Services to TAYL.

20. OCL has not been paid since December 31, 2007, and is owed through September 30, 2010, for 33 months at $25,000/month for a total in fees of $825,000.

21. The total amount owed by TAYL to OCL is $961,352.45, which includes the above out-of-pocket expenses incurred by OCL in providing the Services.

22. The value of the services provided by OCL and not paid equals $961,352.45.

23. OCL is entitled to the amounts owed and there is no issue of contract interpretation as to its entitlement to the amount.

24. On information and belief, TAYL has received in excess of $17 million dollars from the United States Government as partial payment of loan guarantees of over $65 million, based in part upon the work of OCL.

25. On information and belief, the activities, failures and omissions of TAYL in not paying OCL have occurred while the project has been funded by loans, guarantees and credit facilities provided and supported by the United States Government through the Overseas Private Investment Corporation (the "OPIC").

26. On information and belief, misrepresentations of defendant to OPIC that its subcontractors have been paid, including plaintiff, would cause defendant to be ineligible for continued OPIC funding.

27. On information and belief, OPIC funding includes the obligation of contractors to pay their subcontractors, which defendant has failed to do although it has received funds for that purpose.

28. OPIC was briefed in detail regarding the status of the project, work performed, and funds in arrears to contractors on the project, on January 30, 2009, by representatives of plaintiffs.

Thus on information and belief, OPIC was expressly aware of these and other defaults, and of defendant's false representations in obtaining and maintaining OPIC funding in connection with the project no later than that date.

29. On information and belief, OPIC is aware that that plaintiff, a United States corporation owned by United States citizens, has not been paid by defendant.

## COUNT I
## BREACH OF CONTRACT

30. The allegations of paragraphs 1-29 are incorporated.

31. Despite demand, TAYL has failed to pay the amounts due and owing to OCL relating to services provided under the Contract.

32. OCL has performed all work required by TAYL as provided in the Contract.

33. Under its agreement with TAYL, OCL is entitled to payment for the full amount incurred.

34. OCL has been damaged by the amount it has not been paid, plus its expenses and costs, and interest from January 1, 2008.

35. As a direct and proximate result of TAYL's breach of contract, OCL has incurred damages in the amount of at least $961,352.45, plus interest and costs.

## COUNT II
## QUANTUM MERUIT/UNJUST ENRICHMENT

36. The allegations of paragraphs 1-29, without reference to the express terms of the Contract, are incorporated.

37. TAYL has retained and utilized the benefit of OCL's services and labor.

38. OCL has not been fully paid for the services and labor furnished to TAYL.

39. It would be inequitable and constitute unjust enrichment for TAYL to retain the benefit of OCL's services and labor without payment to OCL for their value.

40. The fair market value of the services rendered by OCL and for which payment has not been recovered is at least $961,352.45, plus interest and costs.

41. The value of the benefit conferred upon the TAYL by OCL's service and labor is equal to the fair market value asserted in the above paragraph of $961,352.45.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $961,352.45, together with all costs, fees, interest, attorney's fees and such further and additional relief as is fair and just.

### JURY DEMAND

Trial by Jury is demanded.

October 6, 2010                                                     Respectfully submitted,

_____
John Hardin Young
Va. Bar #13553
SANDLER, REIFF & YOUNG, P.C.
300 M Street S.E.
Suite 1102
Washington, D.C. 20003
202-479-1111 (tel)
202-479-1115 (fax)
young@sandlerreiff.com